[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 3, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15319
Non-Argument Calendar

_____

D. C. Docket No. 04-CR-00072-WS-L-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY THOMAS DACUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 3, 2005)**

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Larry Thomas Dacus appeals his sentence for attempt to possess with intent

to distribute marijuana, in violation of 21 U.S.C. section 846. In his initial brief, Dacus argued that the district court erred when it denied him a downward departure based on his substantial rehabilitation efforts after the offense. The government did not respond to this argument, but conceded error under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Dacus then adopted the argument of the government in his reply brief. Although we ordinarily refuse to consider an argument not raised in an initial brief, see United States v. Levy, 379 F.3d 1241, 1242-43 (11th Cir. 2004), we consider the argument that Dacus's sentence was erroneous under Booker because both parties have joined the issue without objection. The district court stated at sentencing that if it had the authority to do so, it would have granted a downward departure from the guideline range for the rehabilitation efforts of Dacus. Because the district court committed plain error when it applied the Sentencing Guidelines as mandatory, we vacate and remand for resentencing.

## I. BACKGROUND

Dacus pleaded guilty to attempted possession with intent to distribute approximately 49 pounds of marijuana. At the sentencing hearing, Dacus moved for a downward departure under U.S.S.G. section 5K2.0 and argued that he engaged in substantial drug rehabilitation efforts after the offense. He requested a

one-level downward departure which would have made him eligible for a split sentence. Dacus noted that he was not seeking a significantly shorter sentence, but that he wanted to be able to complete part of his sentence in a halfway house or in a drug rehabilitation program.

The government argued that Dacus's case was not so unusual as to take it outside of the heartland of cases. Dacus replied that his rehabilitation efforts were not adequately taken into account by the acceptance of responsibility reduction, and he had not tested positive for drug use since his initial appearance. The court agreed that Dacus's efforts were commendable, but stated that it did not have the authority to grant a downward departure under section 5K2.0. The court further stated that, if it had the legal authority to grant a departure, it "would certainly consider it." The court elaborated, "I will make a recommendation to reward Mr. Dacus any way I can, make sure that he gets into a facility where he is appropriately benefitted by his continued drug treatment or . . . whatever facility is available to insure that Mr. Dacus receives the benefit of his efforts at rehabilitation, I think, is appropriate under the circumstances." The court sentenced Dacus to twelve months and one day imprisonment and three years supervised release.

## II. DISCUSSION

Under <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005), there are two kinds of sentencing errors: one is constitutional and the other is statutory. "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." <u>United States v. Rodriguez</u>, 398 F.3d 1291, 1297 (11th Cir. 2005). In addition, "[a]s a result of <u>Booker</u>'s remedial holding, <u>Booker</u> error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Because the failure to grant a downward departure is not a constitutional error, we must consider whether the district court erred in applying the Guidelines as mandatory.

At sentencing, Dacus did not object to the conclusion of the district court that it was bound by the Guidelines as mandatory. We "may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of

4

judicial proceedings." Rodriguez, 398 F.3d at 1298 (quotations and citations omitted). Dacus's objection is well taken, even under this "circumscribed" form of review. Id. (quoting United States v. Humprey, 164 F.3d 585, 588 (11th Cir. 1999).

The first prong of the plain error test is easily satisfied. The district court erred when it sentenced Dacus because it considered the Guidelines to be mandatory. See Shelton, 400 F.3d at 1330-31. As the Supreme Court explained in Booker, the Guidelines are properly applied in an advisory fashion.

The second prong of the plain error test is also met. Although the error was not plain at the time of sentencing, "where the law at the time of trial was settled and clearly contrary to the law at the time of appeal – it is enough that the error be 'plain' at the time of appellate consideration." Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997). This error is now plain under Booker.

As to the third prong, the burden is on Dacus to demonstrate that the plain error "affects [his] substantial rights," and that the error "actually did make a difference." Rodriguez, 398 F.3d at 1298. In other words, in post-Booker sentencing appeals, "in applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." Id. at

5

1300. Dacus established that the error affected his substantial rights.

At the sentencing hearing, the district court stated that Dacus's efforts at rehabilitation were commendable, and it would "certainly consider" granting the downward departure if it had the legal authority to do so. That downward departure would have made Dacus eligible for a split sentence. The court also stated that it would "make a recommendation to reward Mr. Dacus any way . . . , make sure that he gets into a facility where he is appropriately benefitted by his continued drug treatment or . . . whatever facility is available to insure that Mr. Dacus receives the benefit of his efforts at rehabilitation." These comments evidence that there is a reasonable probability the district court would have imposed a more lenient sentence if the court had not considered itself bound by the Guidelines.

"Finally, under the fourth prong of plain-error review, we consider whether the 'plain error' at sentencing 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" Shelton, 400 F.3d at 1333 (citations omitted). We conclude that the fourth prong is established.

### III. CONCLUSION

We **VACATE** Dacus's sentence and **REMAND** to the district court for resentencing.

6