[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

No. 04-16696
Non-Argument Calendar

_____

D.C. Docket No. 02-00188-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 1, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Dwayne Barnes appeals his 140-month sentence for

conspiracy to possess with intent to distribute a quantity of cocaine hydrochloride,

in violation of 21 U.S.C. § 846. After review, we remand for resentencing.

# I. BACKGROUND

As part of a drug investigation involving several law enforcement agencies, a confidential informant made four controlled purchases (totaling 23.07 grams) of cocaine hydrochloride through Barnes. After his arrest and indictment, Barnes pled guilty to conspiracy to distribute cocaine.

The PSR recommended a base offense level of 32 based on the 23.07 grams of cocaine and Barnes's status as a career offender pursuant to U.S.S.G. § 4B1.1. The PSR further recommended a three-level reduction for acceptance of responsibility, for a total offense level of 29. With a criminal history category of VI, Barnes's guideline range was 151 to 188 months' imprisonment.

At sentencing, Barnes argued that he was entitled to a downward departure because his criminal history over-represented the severity of his past criminal behavior and because the guideline sentence was disproportionate to his offense conduct. The district court agreed and reduced Barnes's criminal history category from VI to V. This resulted in a guideline range of 140 to 175 months' imprisonment. The district court sentenced Barnes to 140 months' imprisonment.

In sentencing Barnes, the district court stated:

> I've made no secret of the fact that in my opinion as a Judge of this Court that the Federal Sentencing Guidelines for cocaine, particularly crack cocaine, are too high; that they're not realistic. . . . But

nonetheless, as long as I am a Judge of this Court, I am bound by the law. I can't just chunk the guidelines out the window, as much as I'd like to sometimes, and say I'm not going to apply them, even though in this case I think that they're way out of line.

At the conclusion of the sentencing hearing, the district court again commented on Barnes's sentence, as follows:

> [T]his is a troubling sentence to me. I believe the sentence is correct; I believe the sentence is what the law requires. But it's troubling that Mr. Barnes, who, even though he has a terrible prior record, terrible criminal history score, in this case and what he did in this case, is significantly less than what others have done, no different than what some others have done, but because of the guidelines he is going to serve a lot more time than people who were more involved than him. But that's the system that we have. That's what the law is, and that's what we've got to respect.

It is clear that the district court would have imposed a lesser sentence but for the mandatory nature of the sentencing guidelines.

Barnes appeals.

## II. DISCUSSION

On appeal, Barnes does not dispute the 23.07 grams of cocaine for which he was held responsible. Rather, he argues that his sentence should be vacated and remanded pursuant to United States v. Booker, 125 S. Ct. 738 (2005), so that he may be resentenced under an advisory guideline system.[1]

---

[1] Barnes did not raise his Booker issue in the district court, but did raise it in his initial brief on appeal. Thus, we review for plain error only. United States v. Rodriguez, 398 F.3d

3

Under Booker, "there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 12998 (11th Cir. 2005), cert. denied, – S. Ct. – , 2005 WL 483174 (U.S. June 20, 2005). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In Shelton, we concluded that "Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Shelton, 400 F.3d at 1331. In determining whether the error was plain, "Booker made plain the district court's error in sentencing [a defendant] under a

_____

1291, 1298 (11th Cir. 2005), cert. denied, – S. Ct. – , 2005 WL 483174 (U.S. June 20, 2005). To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects [the defendant's] substantial rights.'" Id. (quoting United States v. Cotton, 533 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

mandatory Guidelines scheme that is now advisory." Id. Further, "in post-

Booker sentencing cases, in applying the third prong [of the plain error test], we

ask whether there is a reasonable probability of a different result if the guidelines

had been applied in an advisory instead of binding fashion by the sentencing judge

in this case." Id. at 1332 (internal citation and quotation marks omitted). Finally,

the district court's "express desire to impose a sentence lesser than the low end of

the Guidelines range," combined with the fact that the Booker Court indicated that

district courts now have the discretion to do so if "the resulting sentence is

reasonable in light of the § 3553(a) factors," satisfies the requirements of the

fourth prong. Shelton, 400 F.3d at 1333-34.

In this case, we readily conclude that Barnes has established statutory-

Booker error and that, based on the district court's comments at sentencing,

satisfied the plain-error test.[2] Accordingly, we vacate Barnes's 140-month

---

[2]Barnes also argues that his Sixth Amendment rights were violated because he was sentenced as a career offender. His argument is without merit because "the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. This conclusion was left undisturbed by Apprendi [v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000)], Blakely [v. Washington, 124 S. Ct. 2531 (2004)], and Booker." Shelton, 400 F.3d at 1329 (internal quotation marks and citation omitted). That is, even post-Booker "a district court does not err by relying on prior convictions to enhance a defendant's sentence." Id.; see United States v. Orduno-Mireles, 405 F.3d 960, 963 (11th Cir. 2005).

sentence in its entirety and remand for resentencing.[3]

**VACATED AND REMANDED.**

---

[3]We do not mean to imply that on remand the district court must impose a lesser sentence. Rather, we merely conclude that the defendant has shown a reasonable probability that the Booker statutory error of sentencing under a mandatory Guidelines regime affected his sentence. We also will not attempt to decide now whether a particular sentence below or above the guidelines range might be reasonable in this case. If there is an appeal of the actual post-remand sentence which raises that issue, we can decide it then.