[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10352
Non-Argument Calendar

_____

D. C. Docket No. 04-00056-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN THOMAS BOONE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 10, 2005)**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Brian Thomas Boone appeals his sentence of three years' probation for

conspiracy to cultivate marijuana plants on federal property, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(D), (b)(5), & 846, and for cultivating marijuana plants

on federal property, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), (b)(5), and

18 U.S.C. § 2. After de novo review of Boone's sentence in consideration of

United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), we affirm.

## I. BACKGROUND

### A. Guilty Plea

Boone pled guilty without a plea agreement to conspiracy to cultivate

marijuana plants on federal property and for cultivating marijuana plants on federal

property.[1]

### B. PSI and Sentencing

According to the Presentence Investigation Report ("PSI"), National Park

Service ("NPS") agents noticed a vehicle, with no permit, parked at the entrance to

the Big Cypress National Preserve ("Preserve"). Upon investigating the vehicle,

an NPS agent saw a piece of paper listing several items, many of which are

common in plant cultivation. Agents established surveillance of the vehicle and

saw Boone, co-defendant Timothy Scott Howell, and another man leave the

---

[1]The transcript of the plea colloquy is not in the record. However, we recite the facts from the PSI, which Boone did not object to and that were adopted by the district court at sentencing.

2

Preserve and approach the vehicle. NPS Agents located the men's camp, and found a crossbow and marijuana plants growing in buckets. Later, agents found marijuana seedlings in pots with fresh soil and water. The agents' surveillance camera captured images of Boone, Howell, and a third person engaging in activities related to the cultivation of marijuana at the camp. On another occasion, agents saw a shotgun and a crossbow in two tents at the camp. On several occasions, Boone and Howell were recorded watering, fertilizing, and tending to marijuana plants at the camp.

Agents executed a search of Boone's house and found marijuana residue, pieces of marijuana, and evidence of marijuana use. On May 22, 2004, Boone and Howell were arrested as they were leaving the Preserve.

The PSI set Boone's base offense level at 10, pursuant to U.S.S.G. § 2D1.1(c)(15). The PSI assigned a two-level enhancement, pursuant to U.S.S.G. § 2D1.1(b)(1), because the offense involved a firearm. Further, the PSI recommended a two-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a). With a total offense level of 10 and a criminal history category of I, Boone's Guidelines range was 6-12 months' imprisonment. The PSI noted, however, that the minimum Guidelines term could be satisfied by a term of probation with certain conditions, one of which was home detention. The PSI

3

established the statutory range of probation as 1-5 years' probation.

Boone filed a written objection to the two-level enhancement for possessing a weapon, arguing that the weapons were not used in connection with the marijuana cultivation and possession, and that the enhancement violated Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004). Specifically, Boone argued that the weapons were present at the campsite only because he was camping in the forest.

At the sentencing hearing, Boone testified that he had a camp and that there were a shotgun and crossbow at the camp. He stated that he used the crossbow to shoot deer and was not sure whether he had any arrows left. There also were other hunting items at the camp, such as turkey decoys, a turkey call, and a tree stand. Boone was aware that there was a shotgun at the camp. Boone never thought to use the weapons to protect the marijuana he was growing.

At sentencing, Boone objected again to the two-level firearm enhancement. Boone also argued that the Guidelines were unconstitutional under Blakely, and that the two-level firearm enhancement was unconstitutional under Blakely. The district court overruled Boone's objection to the enhancement, finding that Boone had not shown that it was clearly improbable that the weapons were not used in

connection with the marijuana.[2]  In doing so, the district court stated:

> [T]he defendant has the burden of showing that it is clearly improbable that the weapon is connected to the offense.  Based upon all the testimony, common sense just tells me that he has not met that burden.
>
> I don't doubt that the weapons were used for hunting as well, although unsuccessfully used in that manner.  But when you have a camp four miles from anywhere, growing marijuana, and you've got weapons there, it seems pretty clear to me that part of the purpose of the weapons is for protection of the growers, as well as the crop.  And . . . the Court is going to overrule the objection.

The district court also overruled Boone's Blakely argument, determining that Blakely did not apply to the Guidelines.  The district court adopted the factual statements in the PSI and the PSI's application of the Guidelines, including the Guidelines range of 6-12 months' imprisonment.  Boone requested home detention instead of imprisonment.  Although the district court had discretion to impose a 1-year probation sentence, the district court then sentenced Boone to 3 years' probation, including 6 months of home detention as a condition of that probation.

## II. DISCUSSION

On appeal, Boone argues that the district court committed constitutional Booker error by imposing the two-level enhancement for possessing dangerous

---

[2]Under the Guidelines, a defendant receives a two-level enhancement if he possessed a firearm.  U.S.S.G. § 2D1.1(b)(1).  The commentary to § 2D1.1 states that the adjustment should be applied if the firearm was present, "unless it is clearly improbable that the weapon was connected with the offense."  U.S.S.G. § 2D1.1(b)(1), cmt. n. 3.

5

weapons in connection with the offense.[3]

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir. 2005). Under Booker, "there are two types of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1297. The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

Based on Booker, we conclude that the district court violated Boone's Sixth Amendment rights by enhancing his sentence based on a judicial fact finding. Under the Guidelines, a defendant receives a two-level enhancement if he possessed a firearm. U.S.S.G. § 2D1.1(b)(1). The commentary to § 2D1.1 states that the adjustment should be applied if the firearm was present, "unless it is

---

[3]In the district court, Boone objected to the two-level enhancement pursuant to Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004) and he raised the same error pursuant to Booker in his initial brief on appeal. Thus, we review his sentence de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

6

clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), cmt. n. 3. A district court's determination that a weapon "was connected with" the offense is a factual one. See United States v. Trujillo, 146 F.3d 838, 847 (11th Cir. 1998) (analyzing the positive connection between the drug transaction and the firearm and holding "that the district court's finding was not clearly erroneous"); see also United States v. Clay, 376 F.3d 1296, 1303 (11th Cir. 2004) ("We conclude that the district court did not clearly err in finding that it was improbable that the firearms found in Clay's residence were connected to the offense."); United States v. Johnson, 344 F.3d 562, 567 (6th Cir. 2003) ("In order to prevail on appeal, a defendant must show that a district court committed clear error in finding that he or she has not met the 'clearly improbable' burden of proof.").

In this case, while there was sufficient evidence to support the two-level enhancement, the district court's application of the enhancement violated Boone's Sixth Amendment rights because his sentence was enhanced, under a mandatory Guidelines system, based on facts neither found by a jury nor admitted by Boone. The Sixth Amendment violation stemmed not from the district court's extra-verdict enhancements, but from the district court's use of those extra-verdict enhancements in sentencing Boone in a mandatory Guidelines scheme. Rodriguez,

7

398 F.3d at 1301.

After reviewing the record, we conclude that the government has failed to meet its burden of showing that the Booker constitutional error was harmless. See Paz, 405 F.3d at 948-49.[4]  In Paz, which was a Booker-constitutional-error case, we explained that harmless error analysis puts the burden on the government to show "beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained." Id. at 948.  Thus, the government must show beyond a reasonable doubt that the mandatory, as opposed to the advisory, application of the guidelines did not contribute to the defendant's sentence. See United States v. Davis, 407 F.3d 1269, 1270 (11th Cir. 2005).

We first note that the district court correctly calculated Boone's Guidelines range of 6-12 months' imprisonment.  See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) ("In other words, as was the case before Booker, the district court must calculate the Guidelines range accurately.").  Furthermore, the district court correctly determined that Boone's term of imprisonment could be satisfied by a term of probation between 1-5 years.  Given these correct

---

[4]"To find harmless error, we must determine that the error did not affect the substantial rights of the parties." Paz, 405 F.3d at 948 (quoting United States v. Hernandez, 160 F.3d 661, 670 (11th Cir. 1998)).  "A constitutional error, such as a Booker error, must be disregarded as not affecting substantial rights if the error is harmless beyond a reasonable doubt." Id. (internal quotation marks, punctuation and citation omitted).

8

determinations, the district court exercised its discretion and sentenced Boone to 3 years' probation with certain conditions.

Because the district court already had the discretion to sentence Boone to a term of probation of less than 3 years and elected not to do so, we conclude that the government has met its burden to show that the Booker constitutional error in this case was harmless. There is absolutely no reason to believe the district court would exercise its discretion differently under Booker than it did under the Guidelines. See United States v. Mejia-Giovani, – F.3d –, 2005 WL 1651025, at *4 (11th Cir. July 15, 2005).

**AFFIRMED**.