[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 16, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-12828
Non-Argument Calendar

_____

D. C. Docket No. 03-00255-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASPER LAND HOLLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(September 16, 2005)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This case is now before the Court on remand from the United States Supreme Court for consideration of Holland's sentence in light of United States v. Booker, 543 U.S. 296, 125 S. Ct. 738 (2005). On direct appeal, we concluded that because the circuits were split at the time, it was not obvious that Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), applied to the Sentencing Guidelines, and that Holland could not show plain error. United States v. Holland, No. 04-12828, at 2-3 (11th Cir. Dec. 8, 2004) (unpublished). After review in light of Booker, we reinstate our previous opinion and affirm Holland's sentence.

## I. BACKGROUND

### A. Plea Colloquy

Jasper Land Holland pled guilty, without a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). In the factual resume submitted to the district court in support of Holland's guilty plea, Holland admitted the following facts. On January 24, 2003, Holland knowingly was in possession of a Remington, .30-60 caliber rifle, which was manufactured in New York. The firearm had been reported stolen. Holland pawned the firearm at a pawn shop in Alabama. Before Holland pawned the firearm, he had been convicted in Virginia of bigamy, a felony.

### B. PSI and Sentencing

The Presentence Investigation Report ("PSI") recommended a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6)(A). The PSI further recommended (1) a two-level increase, pursuant to U.S.S.G. § 2K2.1(b)(4), because Holland possessed a stolen firearm; and (2) a three-level reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility, for a total offense level of 13.

In calculating Holland's criminal history score, the PSI included one point for a 2000 state conviction for passing a worthless check. Another two points were added, pursuant to U.S.S.G. 4A1.1(d), because, at the time of the instant federal felon-in-possession offense, Holland was wanted on a probation violation on a state offense.[1] With a criminal history category of IV and an offense level of 13, Holland's Guidelines range was 24-30 months' imprisonment.

Holland objected to the PSI's calculation of his criminal history points, arguing that category IV over-represented his criminal history. Holland moved for

---

[1]Under U.S.S.G. § 4A1.1(d), two points should be added to a defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).
According to the commentary,
A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.
U.S.S.G. § 4A1.1(d) app. 4. Because Holland committed the instant felon-in-possession offense while there was a warrant violation from a prior state sentence, Holland was deemed to be under a criminal justice sentence for the purposes of the two-point increase under U.S.S.G. § 4A1.1(d).

3

a downward departure under U.S.S.G. § 4A1.3(b), based on this over-representation. At sentencing, Holland raised no objection to the criminal history calculation, but he moved again for a downward departure under U.S.S.G. § 4A1.3(b). Holland argued that without the worthless check conviction, for which he received a year probation, his criminal history category would be III. Holland did not raise any constitutional claim to a jury trial on his criminal history calculation, and Holland did not raise any constitutional issue pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

The district court concluded that there were no circumstances warranting a downward departure, and sentenced Holland to 24 months' imprisonment, the low end of the Guidelines range.

## C. Direct Appeal

In his prior direct appeal, Holland argued for the first time that the Sentencing Guidelines were rendered unconstitutional by Blakely. As noted above, this Court rejected that claim on direct appeal. Holland, No. 04-12828, at 2-3.

After our decision on direct appeal, the Supreme Court decided Booker, and Holland filed a petition for a writ of certiorari in the Supreme Court. On June 6,

2005, the Supreme Court vacated our December 8, 2004 judgment and remanded his case to this Court for further consideration in light of Booker.

## II. DISCUSSION

Because Holland did not raise any constitutional issues in the district court based on Apprendi, Blakely, or Booker, and instead raised these issues for the first time in his prior direct appeal, our review of his sentence is only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).[2]

Under Booker, "there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298. The statutory error occurs when the district court sentences a defendant "under a mandatory

---

[2]To establish plain error, the defendant must show "'(1) error, (2) that is plain, and (3) that affects substantial rights.'" Rodriguez, 398 F.3d at 1298 (quoting United States v. Cotton, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002)). "'If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. (quoting Cotton, 535 U.S. at 631, 122 S. Ct. at 1785).

Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

We first conclude that there is no Sixth Amendment violation in this case because Holland admitted to the facts that were used to calculate his criminal history score.[3] Holland received two points under U.S.S.G. § 4A1.1(d) because the felon-in-possession offense was committed while Holland had an outstanding warrant for a probation violation. The fact that there was an outstanding warrant for a probation violation was included in Holland's PSI, and Holland failed to make any factual objections to the PSI. Thus, Holland admitted that there was an outstanding probation violation, which was sufficient to trigger the two-point increase in U.S.S.G. § 4A1.1(d). See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) ("Burge waived his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admitted the facts in that report."); see also Shelton, 400 F.3d at 1330 (concluding that because defendant raised no objections to the factual statements in the PSI and stated that he did not dispute matters in the PSI, the defendant admitted to the facts in the PSI and there was no Sixth Amendment violation).

---

[3]In Holland's prior appeal, we assumed without deciding that the two points that were added to Holland's criminal history calculation pursuant to U.S.S.G. § 4A1.1(d) constituted a sentencing enhancement. We continue to make that assumption here.

Holland also received a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) because he possessed a stolen firearm. There is no Sixth Amendment violation as to this enhancement either because Holland admitted in the factual resume that the firearm was stolen.

Although there is no Sixth Amendment violation in this case, the district court committed statutory <u>Booker</u> error in sentencing Holland under a mandatory Guidelines regime. <u>See</u> <u>Dacus</u>, 408 F.3d at 688-89 ("The first prong of the plain error test is easily satisfied. The district court erred when it sentenced Dacus because it considered the Guidelines to be mandatory."). Further, this error is now plain under <u>Booker</u>. <u>Id</u>.

However, Holland has failed to establish that any <u>Booker</u> error affected his substantial rights. <u>Rodriguez</u>, 398 F.3d at 1301. In this case, the sentencing record provides no basis for a conclusion that Holland has shown a reasonable probability of a more lenient sentence under an advisory Guidelines regime. In fact, the district court refused to depart downward. Further, although the district court sentenced Holland at the low end of the Guidelines range, this Court has held that "the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that sentence was appropriate under the mandatory guidelines system. It does not establish a

reasonable probability that the court would have imposed a lesser sentence under an advisory regime." United States v. Fields, 408 F.3d 1356, 1361 (11th Cir. 2005). Finally, in his supplemental brief to this Court after remand, Holland acknowledges that he cannot satisfy the third prong of plain-error review in this Circuit. He states that he merely desires to preserve his Booker claim for further review by the Supreme Court. Thus, we conclude that Holland has not satisfied the third prong of plain-error review.

Accordingly, we reinstate all of our December 8, 2004 opinion affirming Holland's sentence.

**SENTENCE AFFIRMED; OPINION REINSTATED.**