[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS  K. KAHN
CLERK

————————————————————

No. 04-15158
Non-Argument Calendar

————————————————————

D. C. Docket No. 04-20311-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMANN GUILLERMO GOODING MUNOZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 30, 2005)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Germann Guillermo Gooding Muñoz appeals his sentence for importation

into the United States of one kilogram or more of heroin in violation of 21 U.S.C.

§§ 952(a) and 960(b)(1). Gooding argues for the first time on appeal that under

*United States v. Booker*, 125 S. Ct. 738 (2005), the district court erroneously

imposed a Guideline-mandated minimum term of imprisonment. Gooding also

contends the sentencing court erred in denying a role reduction under U.S.S.G.

§ 3B1.2. We affirm Gooding's sentence.

## I. DISCUSSION

A. *Booker*

In *Booker*, issued after Gooding was sentenced, the Supreme Court held the

Guidelines are an advisory, rather than a mandatory, regime. *See Booker*, 125 S.

Ct. at 764–65. Under *Booker*, there are two kinds of sentencing errors:

constitutional and statutory. A constitutional error is "the use of extra-verdict

enhancements to reach a [G]uidelines result that is binding on the sentencing

judge; the error is the mandatory nature of the [G]uidelines once the [G]uidelines

range has been determined." *United States v. Shelton*, 400 F.3d 1325, 1331 (11th

Cir. 2005) (quotation and citation omitted). A statutory error occurs when a

district court judge sentences a defendant "under a mandatory Guidelines scheme,

even in the absence of a Sixth Amendment violation." *Id.* at 1330–31.

We review for plain error when a defendant did not object to the Guidelines

under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), or *Booker* in the district

2

court.  *United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir.), *cert. denied*

125 S. Ct. 2935 (2005).

> An appellate court may not correct an error the defendant failed to
> raise in the district court unless there is: (1) error, (2) that is plain, and
> (3) that affects substantial rights.  If all three conditions are met, an
> appellate court may then exercise its discretion to notice a forfeited
> error, but only if (4) the error seriously affects the fairness, integrity,
> or public reputation of judicial proceedings.

*Id*. at 1298 (quotations and citations omitted).

### 1.  *Constitutional Error*

This case presents no constitutional error under *Booker* because Gooding did

not receive a sentence enhanced on the basis of judicial factfinding as to the

amount of heroin involved in his crime.  Gooding pled guilty to the charge of

importing one kilogram or more of heroin.  The PSI used the drug quantity of

2.491 kilograms, as determined by the DEA, and calculated his base offense level

under U.S.S.G. § 2D1.1(c)(4), which established an offense level for conduct

involving between one and three kilograms of heroin.  The court subsequently

adopted the PSI's sentencing calculation.  Gooding did not receive a sentencing

enhancement based on judicial factfinding because the drug quantity adopted by

the court resulted in the lowest possible base offense level under the guidelines for

3

the charge to which Gooding pled.[1]

    2. *Statutory Error*

Although the district court did not commit a Sixth Amendment violation, it committed statutory error under *Booker* when it sentenced Gooding under a mandatory Guideline regime. *United States v. Dacus*, 408 F.3d 686, 689 (11th Cir. 2005). Under *Booker*, application of the Guidelines as mandatory meets the first two prongs of plain-error review. *Id.* As to the third prong of the plain-error test, the burden is on the defendant to demonstrate the plain error "affects [his] substantial rights," and the error "actually did make a difference." *Rodriguez*, 398 F.3d at 1298. In applying the third prong, we ask "whether there is a reasonable probability of a different result if the [G]uidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Id.* at 1300. If "[w]e just don't know" whether the defendant would have received a lesser sentence if the [G]uidelines had been advisory, the defendant has not met his burden of showing prejudice. *Id.* at 1301.[2]

---

[1] Moreover, Gooding admitted to the drug quantity at his plea colloquy and did not object to the quantity of drugs listed in the PSI report. *Shelton*, 400 F.3d at 1330 (finding no constitutional error where defendant admitted at his plea colloquy to the facts used to enhance his sentence and did not object to the factual statements in the PSI).

[2] We reject Gooding's argument that a conflict exists between the plain-error standard applied in our pre-*Booker* cases and the plain-error standard applied in cases following *Booker*. *See Rodriguez*, 398 F.3d at 1299–300 (quoting *Jones v. United States*, 119 S. Ct. 2090 (1999)).

4

Gooding presents no evidence suggesting the sentencing judge would have issued a different sentence if the Guidelines were advisory. Gooding only argues the mandatory nature of the guidelines prejudiced his substantial rights by precluding the sentencing judge from considering other mitigating factors regarding his personal history and characteristics. However, Gooding provides no evidence showing a reasonable probability that consideration of these mitigating factors would have resulted in a different sentence. There are no comments in the record by the sentencing judge indicating frustration with the Guidelines or that the court would issue a lesser sentence if the Guidelines were not mandatory. The fact the sentencing court here issued a sentence at the bottom of the Guideline range, without more, is insufficient to satisfy Gooding's burden under the third prong. *United States v. Fields*, 408 F.3d 1356, 1361 (11th Cir. 2005). Since Gooding presents no evidence showing a reasonable probability the sentencing court would have issued a different sentence under an advisory Guidelines system, Gooding fails to satisfy his burden under the third prong of the plain-error analysis.

B. *Minor-role Reduction*

We have held that "a district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of the

5

reduction always bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. In determining the defendant's role in the offense, the "decision falls within the sound discretion of the district court." *Id.* at 945. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." *Id.*

In determining whether a role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." *De Varon*, 175 F.3d at 940. Under the first prong of the *De Varon* analysis, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. Under the second prong of *De Varon*, the district court measures the defendant's culpability in comparison to that of other participants in the relevant conduct. *Id.* at 944. In this analysis the court "should look to other participants only to the extent that they are identifiable from the evidence" and "may consider only those participants who were involved

6

in the relevant conduct attributed to the defendant." *Id.*

In the drug courier context, we have stated there is no presumption drug couriers are or are not minor or minimal participants. *Id.* at 943. The district court must assess all of the facts probative of the defendant's role in the relevant conduct, including the defendant's status and assigned tasks in the scheme. *Id.* at 942–43. The amount of drugs imported—which exceeds two kilograms here—is a material consideration in assessing the defendant's role in the relevant conduct. *Id.* at 943. "Indeed, because the amount of drugs in a courier's possession—whether very large or very small—may be the best indication of the magnitude of the courier's participation in the criminal enterprise, [this Court does] not foreclose the possibility that amount of drugs may be dispositive—in and of itself—in the extreme case." *Id.* In the drug courier context, some of the relevant factual considerations include "amount of drugs, fair market value of drugs, amount of money paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id.* at 945.

The district court's determination that Gooding did not play a minor or minimal role in the relevant conduct of heroin importation was not clearly erroneous. The district court did not err in concluding under the first prong of *De Varon* that the conduct for which Gooding was held accountable, importation of

one kilogram or more of heroin, was identical to his actual conduct. While the district court did not mention the second prong of the *De Varon* analysis, it is possible on this record for the court to have concluded Gooding's role as a courier rendered him equally culpable to "Dan," the only other identified participant in the scheme. *See De Varon*, 175 F.3d at 946 (finding on similar facts that it is reasonable to conclude the courier was equally culpable as the recruiter in an importation scheme). The district court further noted that Gooding was convicted of importing a substantial amount of heroin. Thus, the evidence in the record provides a sufficient basis for the court's decision to deny a role reduction.[3]

## II. CONCLUSION

The district court did not plainly err under *Booker*. Additionally, the district court did not clearly err in denying Gooding's request for a role reduction.

AFFIRMED.

---

[3] Furthermore, the district court's statement that Gooding's objection to the refusal to grant a role reduction "has to be" denied since his relevant conduct was equivalent to his actual conduct is plausibly interpreted as an indication that the court concluded, based on an application of the facts of Gooding's case to the standard in *De Varon*, the reduction had to be denied. This statement by the court is ambiguous at best and insufficient evidence the court misapplied or misinterpreted the Guidelines.

TJOFLAT, Circuit Judge, specially concurring:

As the court states, the district court committed <u>Booker</u> statutory error that is plain, but appellant has not met the third prong of <u>Rodriguez</u>'s plain-error test; he has not established "a reasonable probability" that the court would have imposed a lesser sentence had it treated the sentencing guidelines as advisory rather than mandatory. Ante at 5. That is, the district court failed to utter, at sentencing, words, I call them "magic words," indicating that but for the mandatory guidelines, the court would have imposed a lesser sentence. <u>United States v. Thompson</u>, No. 04-12218 2005 WL 2099784, at * 17-19 (11th Cir. 2005) (Tjoflat, J., dissenting).

The court is bound by <u>Rodriguez</u>'s magic-words test. I therefore concur in its judgment. Were we writing on a clean slate, I would reject <u>Rodriguez</u>'s test because, as I explained in <u>Thompson</u>, it "fosters disrespect for the rule of law. *See* 18 U.S.C. § 3553(a)(2)(A) ("The court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed . . . to promote respect for the law. . . .")." <u>Id.</u>, at * 18.