[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-16532
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 27, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-00080-CR-3-001-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM J. ABRACZINSKAS,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

(January 27, 2006)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

William J. Abraczinskas appeals his 15-month sentence, imposed pursuant to his guilty plea, for escape, 18 U.S.C. §§ 751(a) & 2.[1] Abraczinskas contends that he is due to be resentenced in the light of United States v. Booker, 125 S.Ct. 738 (2005), because the district court imposed his sentence under a mandatory Sentencing Guidelines scheme. We vacate Abraczinskas's sentence and remand for resentencing consistent with Booker.

Abraczinskas timely raised an objection based on Blakely v. Washington, 124 S.Ct. 2531 (2004). Thus, we review his Booker claim for harmless error. See United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).[2] Under Booker, two kinds of sentencing errors exist: "one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). This case involves the latter. The government concedes that the district court committed a statutory Booker error when it sentenced Abraczinskas under a mandatory guideline system. See United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). The government then bears the burden of showing that the statutory error was harmless. See Mathenia, 409 F.3d at 1292.

---

[1]Abraczinskas was serving 121-month concurrent sentences for money laundering convictions when he escaped.

[2] We need not address Abraczinskas's alternate argument that he established plain error.

A statutory <u>Booker</u> error is harmless only if the government shows that the error did not affect the sentence, or had only a very slight effect. <u>Id.</u> "If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." <u>Id.</u> (citations and internal quotation marks omitted). But we have written that the statutory <u>Booker</u> harmless error standard is not easy to meet: "[i]t is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." <u>Id.</u> And here, the government not only concedes that a statutory <u>Booker</u> error occurred, but concedes that it cannot show that this error was harmless. Moreover, the district court made no statement that it would have imposed the same sentence regardless of whether the guidelines were advisory or mandatory. <u>See</u> <u>Mathenia</u>, 409 F.3d at 1292 (concluding that statutory <u>Booker</u> error was harmless where district court announced it would have imposed same sentence if guidelines were unconstitutional as applied mandatorily).

Some facts exist in the record that suggest the district court might have imposed the same sentence under an advisory guidelines scheme. Abraczinskas moved for a downward departure, based on his allegation that he had escaped out of medical necessity. The district court denied Abraczinskas's request, stating that "the circumstances under which both defendants were apprehended do not suggest

anything that would support a downward departure or anything in mitigation of the sentence in this case."[3]  The district court then sentenced Abraczinskas to 15 months' imprisonment, at the midpoint of the 12 to 18-month guideline sentencing range.  See Mejia-Giovani, 416 F.3d 1323, 1327 (11th Cir. 2005) (stating, in preserved-error case, that sentence in midpoint of guideline range was one factor suggesting that statutory Booker error was harmless).  The court noted that it was imposing this sentence "due to the lack of aggravating or mitigating factors."  And the district court stated that it "carefully considered" the factors in 18 U.S.C. § 3553(a) in fashioning the sentence: the court specifically determined that the sentence (1) met "the general goals of punishment . . . for your criminal conduct of escape" and (2) acted as a "deterrence to others who might engage in similar conduct."[4]

But the government concedes it cannot show that the district court's statutory Booker error is harmless; the government bears the burden of demonstrating harmless error.  See Mathenia, 409 F.3d at 1292.  We are unable to

---

[3]Abraczinskas had escaped with codefendant Jose Ignacio Macia.

[4]Also, the district court ordered the sentence to run consecutively to Abraczinskas's undischarged prior sentence, as required by U.S.S.G. § 5G1.3(a).  Although 18 U.S.C. § 3584(a) provides that a district court may impose a sentence to run concurrently or consecutively to an undischarged sentence, the district court indicated that it considered the § 3553(a) factors in imposing Abraczinskas's sentence.  And § 3584(b) provides that, in deciding whether to impose a consecutive or a concurrent sentence, the court is to weigh the § 3553(a) factors.

4

say with fair assurance that Abraczinskas's sentence was not swayed substantially by the <u>Booker</u> error. Abraczinskas is due to be resentenced under an advisory guidelines system in accordance with <u>Booker</u>.[5]

VACATED and REMANDED.

---

[5] We note that the district court correctly determined the guideline sentencing range for Abraczinskas's conviction. By adopting codefendant Macia's arguments, Abraczinskas suggests that, post-<u>Booker</u>, the district court possesses flexibility to take into account the nature of the incarcerating facility in determining whether to apply an offense level reduction under U.S.S.G. § 2P1.1(b)(2). But the nature of the facility is not a sentencing factor under 18 U.S.C. § 3553(a). And in any event, in denying Abraczinskas's request for a § 2P1.1(b) reduction, the district court judge determined, based on her personal knowledge of the facility that he escaped from, that he was in secure custody when he escaped. Thus, the district court sufficiently considered the nature of the facility.