[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10364
Non-Argument Calendar

_____

D. C. Docket No. 04-00072-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO BUITRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 1, 2005)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Ricardo Buitron appeals his 21-month sentence for possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). In the district court, Buitron objected, based on Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), to the drug quantity calculation used in sentencing him. On appeal, Buitron raises issues pursuant to United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). After de novo review, we vacate Buitron's sentence and remand for resentencing.

## I. BACKGROUND

### A.    Plea Colloquy

Buitron entered into a written plea agreement in which he pled guilty to possession with intent to distribute 32 pounds of marijuana. Attached to the plea agreement was a factual resume in which Buitron admitted that on April 9, 2004, he knowingly possessed with intent to distribute 32 pounds of marijuana during a reverse-sting transaction. Thirty-two pounds of marijuana equals 14.5 kilograms.

Buitron also admitted that he previously had purchased marijuana from co-defendant Gilberto Ledesma. For the purposes of Buitron's plea, the government and Buitron did not reach an agreement regarding the exact amount of marijuana involved in the previous transactions with Ledesma.

### B.    PSI and Sentencing

The Presentence Investigation Report ("PSI") recommended a base offense level of 18, based on a drug quantity of 28.12 kilograms of marijuana, which equals 61.99 pounds. This amount included the 32 pounds (or 14.9 kilograms) admitted to in the plea agreement. The additional 29.99 pounds of marijuana above what Buitron admitted to in his plea agreement was based on the previous transactions where Buitron purchased marijuana from co-defendant Ledesma. The PSI also recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. With a total offense level of 15 and a criminal history category of II, Buitron's Guidelines range was 21-27 months' imprisonment.

Buitron objected to the PSI, arguing that his co-defendant Ledesma had made conflicting statements to investigators regarding the amount of marijuana that Ledesma had sold to Buitron, and that therefore, the information obtained from Ledesma could not be used in determining Buitron's relevant conduct. Buitron also asserted that the government must prove beyond a reasonable doubt the amount of marijuana purchased from Ledesma, pursuant to Blakely.

During the sentencing hearing, Buitron renewed his objection to the drug-quantity calculation, arguing that, even under "the pre-Blakely standard," Ledesma's statements were not "reliable hearsay." Buitron maintained that, at

3

most, he should be held accountable for 40 pounds of marijuana, based on the 30 pounds he possessed at the time of his arrest and 10 additional pounds that "would come in through his testimony."[1]

The government then called Baldwin County Sheriff Deputy Paul Johnson to testify regarding drug quantity. Johnson testified that after Ledesma agreed to cooperate with the government, Ledesma arranged the reverse-sting operation, involving approximately 32 pounds of marijuana, which resulted in Buitron's arrest. Deputy Johnson also testified that during an interview, Ledesma stated that he had sold 38 pounds of marijuana to Buitron during three prior transactions in 2003.

Buitron testified that he did not purchase any marijuana from Ledesma in 2003. Instead, he claimed that he sold Ledesma a truck in 2003 in exchange for 10 pounds of marijuana, which he never received.[2] Buitron also admitted that he received 10 pounds of marijuana from Ledesma in 2002. Further, on cross-examination, Buitron admitted that he purchased 10 pounds of marijuana from Ledesma in 2001. Thus, in total, Buitron admitted to purchasing 52 pounds, or 23.5872 kilograms, of marijuana from Ledesma – that is 32 pounds from the

---

[1]Forty pounds equals 18.144 kilograms of marijuana.

[2]Buitron contended that 10 of the 32 pounds of marijuana from the reverse-sting operation were to compensate him for the earlier deal involving the truck.

4

reverse-sting operation, 10 pounds in 2002, and 10 pounds in 2001.[3]

The district court determined that Buitron's base offense level was 18, which corresponds to a drug quantity between 20 and 40 kilograms of marijuana. The district court then adopted the PSI's Guidelines calculations. Buitron's attorney asked that the district court sentence Buitron to probation. The government asked that the defendant be sentenced at the low end of the Guidelines range. The district court adopted the government's recommendation and sentenced Buitron to 21 months' imprisonment, which was the low end of the Guidelines range. In doing so, the district court noted:

> Whether Blakely applies in this case or not, we don't know yet. Perhaps it does. If it does, there may be some later adjustment for those figures. I don't know. But based on the standards that I have to apply at this time, I find that Mr. Buitron possessed with intent to distribute in excess of 44 pounds, or 20 grams (sic), placing him in a range of – a Base Offense Level of 18.

The district court then stated that Buitron's attorney "ha[d] made a strong plea for something less than what [this Court is] obligated under the law to give [Buitron]." The district court further stated that "[f]or the reasons I've already set forth, though, that plea is not convincing." Further, the district court also concluded that based on the findings it had made, "the punishment in this case [] demands that [Buitron] be incarcerated and that the low end of that incarceration is

---

[3]Fifty-two pounds equals 23.5872 kilograms of marijuana.

21 months." Thus, while the record indicates that the district court clearly rejected probation in favor of incarceration, there is some indication the district court may have considered a different amount of incarceration if Blakely applied to the Guidelines.

## II. DISCUSSION

On appeal, Buitron argues that the district court violated his Sixth Amendment rights by sentencing him based upon a drug quantity that he did not admit and by sentencing him under a mandatory Guidelines scheme.

Because Buitron timely raised a Blakely objection in the district court, we review his Blakely, now Booker, claim de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). "Under Booker, there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298

6

(emphasis omitted). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that the district court did not violate Buitron's Sixth Amendment rights. In the factual resume attached to his plea agreement, Buitron admitted that he possessed 32 pounds of marijuana in relation to the reverse-sting operation. Further, he admitted during the sentencing hearing that he purchased an additional 10 pounds of marijuana from Ledesma in 2001 and another 10 pounds of marijuana in 2002. Thus, Buitron admitted to a drug quantity of 52 pounds of marijuana, which equals 23.5872 kilograms. The district court set Buitron's base offense level at 18, which corresponds to a drug quantity of 20 to 40 kilograms of marijuana.

Although there is no Sixth Amendment violation in this case, the district court committed statutory Booker error in sentencing Buitron under a mandatory Guidelines regime. Thus, we must determine whether the statutory error in Buitron's sentencing is harmless. See Paz, 405 F.3d at 948.

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but

very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks, brackets, ellipses, and citation omitted). The burden is on the government to show that the error was harmless and the standard "is not easy for the government to meet." Id.

We conclude that the government has failed to meet its burden as to Buitron's sentence. As noted earlier, the district court indicated that if Blakely applied, the district court may later need to adjust the sentencing figures. We do know that the district court would have rejected probation and imposed some incarceration. However, as to the length of incarceration, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v. Davis, 407 F.3d 1269, 1271 (11th Cir. 2005). If anything, the record indicates that the district court may have considered a different sentence. We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold that the government did not meet its burden of showing that the Booker statutory error

was harmless on the current record before this Court.[4]

Accordingly, we vacate Buitron's sentence and remand his case to the district court for resentencing. We note that the district court correctly calculated Buitron's Guidelines range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). Thus, on remand, the district court is required to sentence Buitron under an advisory Guidelines regime, and shall consider the Guidelines range of 21-27 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.[5]

**VACATED AND REMANDED**.

---

[4]We also do not attempt to decide now whether a particular sentence might be reasonable in this case.

[5]We reject Buitron's claim that notice of relevant conduct in an indictment is required. Nothing in Booker requires that relevant conduct under an advisory Guidelines regime be included in the indictment. In any event, Buitron had notice that his 2001 conduct could be considered. The factual resume attached to the plea agreement stated that for purposes of relevant conduct, the parties did not reach an agreement regarding the amount of marijuana involved in Buitron's prior transactions with Ledesma. Thus, Buitron did have notice that the government would seek to attribute drug amounts to him beyond the drug amount stipulated to in relation to the reverse-sting operation.