[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 1, 2005
THOMAS K. KAHN
CLERK

No. 04-14792
Non-Argument Calendar

_____

D. C. Docket No. 04-00079-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL VASQUEZ-TORRES,
a.k.a. Gabriel Vasquez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 1, 2005)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Gabriel Vasquez-Torres appeals his 57-month sentence for unlawful re-entry

into the United States by a previously deported convicted felon, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Vasquez-Torres argues that the district court erred under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), when it enhanced his sentence based on facts not charged in the indictment or admitted by him. After review, we vacate Vasquez-Torres's sentence and remand for resentencing.

## I. BACKGROUND

Vasquez-Torres pled guilty without a plea agreement to unlawfully re-entering the United States after being deported for conviction of a felony offense, in violation of 8 U.S.C. § 1326(a) and (b)(2).

### A. Plea Colloquy

During the plea colloquy, the government set forth the following facts, which Vasquez-Torres admitted as true. Vasquez-Torres is a citizen of Mexico. On November 14, 1990, Vasquez-Torres was convicted in a state court in Texas of the felony offense of possession of marijuana. On December 13, 1994, Vasquez-Torres was convicted in United States District Court for the Eastern District of North Carolina of conspiracy to import controlled substances.[1] Vasquez-Torres subsequently was deported to Mexico on August 29, 1997.

---

[1]According to the Presentence Investigation Report ("PSI"), Vasquez-Torres was released from custody on the federal drug importation conviction on August 28, 1997.

2

On January 27, 2004, Vasquez-Torres was arrested in the Middle District of Florida for domestic battery and child abuse. Vasquez-Torres did not have permission to be back in the United States.

## B. PSI and Sentencing

The Presentence Investigation Report ("PSI") recommended a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a). The PSI increased the offense level by 16 levels because Vasquez-Torres previously had been deported in 1997 after a drug conviction for which the sentence exceeded 13 months. U.S.S.G. § 2L1.2(b)(1)(A)(i). Indeed, in 1994, Vasquez-Torres was sentenced to 60 months' imprisonment for conspiracy to import a controlled substance. The PSI also recommended a three-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

In calculating Vasquez-Torres's criminal history category, the PSI assessed two points, pursuant to U.S.S.G. § 4A1.1(d), because, at the time of the instant federal illegal re-entry offense, Vasquez-Torres was wanted on a probation violation warrant from his prior state offense for marijuana possession.[2]

---

[2]Under U.S.S.G. § 4A1.1(d), two points should be added to a defendant's criminal history category "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

According to the commentary,

A defendant who commits the instant offense while a violation warrant from a prior sentence is outstanding (e.g., a probation, parole, or supervised release violation

3

The PSI also assessed an additional criminal history point, pursuant to U.S.S.G. § 4A1.1(e), because Vasquez-Torres illegally re-entered the United States on or before May 10, 1999, which was less than two years after his August 28, 1997, release from federal custody on the 1994 drug importation conviction.[3] With a total offense level of 21 and a criminal history category of IV, Vasquez-Torres's Guidelines range was 57-71 months' imprisonment.

Vasquez-Torres objected to the PSI's criminal history computation in light of <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2005), arguing that the district court could not enhance his sentence based on the probation violation warrant or the illegal re-entry date of May 10, 1999, because neither was proven to

---

warrant) shall be deemed to be under a criminal justice sentence for the purposes of this provision if that sentence is otherwise countable, even if that sentence would have expired absent such warrant.

U.S.S.G. § 4A1.1(d) app. 4. Because Vasquez-Torres committed the instant illegal re-entry offense while there was a probation violation warrant from a prior state sentence, Vasquez-Torres was deemed to be under a criminal justice sentence for the purposes of the two-point increase under U.S.S.G. § 4A1.1(d).

[3]Section 4A1.1(e) provides:
Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point.

U.S.S.G. § 4A1.1(e).

Section 4A1.1(a) provides that three points should be added "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). Section 4A1.1(b) provides that two points should be added "for each prior sentence of imprisonment of at least sixty days not counted in (a)." U.S.S.G. § 4A1.1(b).

Because Vasquez-Torres's 1994 drug importation conviction carried a term of 60 months' imprisonment, it qualified as a prior sentence of imprisonment exceeding one year and one month under § 4A1.1(a), and thus qualified for the one point addition in § 4A1.1(e).

4

a jury. While Vasquez-Torres objected on Sixth Amendment grounds, he did not object to the factual accuracy of the statements in the PSI.

During the sentencing hearing, Vasquez-Torres renewed his Blakely objection. The district court overruled the objection, determining that Eleventh Circuit precedent established that Blakely did not apply to the Sentencing Guidelines.

Vasquez-Torres then stated that he did not have any other objections to the PSI's factual statements. However, Vasquez-Torres moved for a downward departure based upon cultural assimilation, pursuant to U.S.S.G. § 5K2.0. The district court overruled Vasquez-Torres's motion, stating: (1) "the more we keep him [in federal prison], the more we're preventing him from committing more crimes, especially returning to the United States"; and (2) "I might be more inclined to favorably receive this motion if not for the fact that he has two prior drug convictions and they're not for personal use."

The district court then adopted the PSI's factual findings and sentenced Vasquez-Torres to 57 months' imprisonment.

## II. DISCUSSION

On appeal, Vasquez-Torres argues that the district court erred under Blakely, now Booker, when it increased his criminal history score two points based on the

probation violation warrant for the state offense and one point based on the illegal re-entry date of May 10, 1999, being within two years of his release from custody on August 28, 1997, on the federal drug importation conviction.

Because Vasquez-Torres timely raised a Blakely objection in the district court, we review his Blakely, now Booker, claim de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted).

In Booker, the Supreme Court held that Blakely applied to the Sentencing Guidelines. United States v. Rodriguez, 398 F.3d 1291, 1297-98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). "Under Booker, there are two kinds of sentencing errors: one is constitutional and the other is statutory." United States v. Dacus, 408 F.3d 686, 688 (11th Cir. 2005). "[T]he Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." Rodriguez, 398 F.3d at 1298 (emphasis omitted). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

In this case, we conclude that the district court did not violate Vasquez-

6

Torres's Sixth Amendment rights. Although Vasquez-Torres did object to the increase in his criminal history points based on the probation violation warrant and based on the illegal re-entry date of May 10, 1999, Vasquez-Torres objected only on Blakely constitutional grounds. Vasquez-Torres did not object to the factual statements in the PSI, which outlined the existence of his probation violation warrant, his release from custody on August 28, 1997, on the federal drug importation conviction, and his illegal re-entry date of May 10, 1999. Thus, he is deemed to have admitted the facts regarding those matters. See United States v. Burge, 407 F.3d 1183, 1191 (11th Cir. 2005) ("Burge waived his objections to the factual statements about his relevant conduct in the presentence report and, therefore, admitted the facts in that report."); United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that sentence enhancement based on drug quantity did not violate Booker where defendant did not dispute the facts in the PSI).[4] Accordingly, the district court did not violate Vasquez-Torres's Sixth Amendment rights by increasing his sentence based on facts that he did not admit.

Although there is no Sixth Amendment violation in this case, the district court committed statutory Booker error in sentencing Vasquez-Torres under a

[4]With respect to the illegal re-entry date, Vasquez-Torres further admitted during the course of filing and arguing his motion for a downward departure that he returned to the United States within two years of being deported in August 1997.

7

mandatory Guidelines regime. Thus, we must determine whether the statutory error in Vasquez-Torres's sentencing is harmless. See Paz, 405 F.3d at 948.

"A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (internal quotation marks, brackets, ellipses, and citation omitted). The burden is on the government to show that the error was harmless and the standard "is not easy for the government to meet." Id.

We conclude that the government has failed to meet its burden as to Vasquez-Torres's sentence. There is no evidence or other indication in the record suggesting what effect, if any, changing from a mandatory to an advisory approach would have had on the district court's sentencing decision. We recognize that under a mandatory Guidelines regime, the district court denied Vasquez-Torres's motion for a downward departure and stated that Vasquez-Torres should remain in prison. However, "[w]e simply do not know what the sentencing court would have done had it understood the guidelines to be advisory rather than mandatory, and had properly considered the factors in 18 U.S.C. § 3553(a)." United States v.

Davis, 407 F.3d 1269, 1271 (11th Cir. 2005).

Thus, we vacate Vasquez-Torres's sentence and remand his case to the district court for resentencing. We note that the district court correctly calculated Vasquez-Torres's Guidelines range. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the Guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). On remand, the district court is required to sentence Vasquez-Torres under an advisory Guidelines regime, and shall consider the Guidelines range of 57-71 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, 125 S. Ct. at 757.[5]

**VACATED AND REMANDED**.

---

[5]We do not mean to suggest by our holding that the district court must impose any particular sentence on remand. Rather, we merely hold that the government did not meet its burden of showing that the Booker statutory error was harmless. We also do not attempt to decide now whether a particular sentence might be reasonable in this case.