[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-16162
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00051-CR-ORL-22-DAB

UNITED STATES OF AMEIRCA,

Plaintiff-Appellee,

versus

CEDRIC CULPEPPER,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

(December 2, 2005)

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

Cedric Culpepper appeals his 188-month concurrent sentences, imposed

after he pled guilty to drug trafficking offenses, in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(B) & (C). Culpepper was sentenced as a career criminal under U.S.S.G. § 4B1.1 based on his three prior felony drug trafficking convictions, which were not alleged in the indictment and not admitted by him. Culpepper argues that Blakely v. Washington, 124 S.Ct. 2531 (2004), renders the Sentencing Guidelines unconstitutional and that his sentence should have been calculated only on those facts established by the indictment and by the guilty plea.[1] No reversible error has been shown; we affirm.

Culpepper properly raised his Blakely claim in the district court. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). We review this issue de novo; we will reverse unless the government shows that any error was harmless. See United States v. Robles, 408 F.3d 1324, 1327 (11th Cir. 2005).

The district court's application of the career offender provision, U.S.S.G. § 4B1.1, exposed Culpepper to an enhanced offense level and criminal history category. But this enhancement was based solely on the fact that he had three

---

[1]Culpepper also argues, for the first time on appeal, that Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), renders unconstitutional 21 U.S.C. § 841(b), which sets forth the penalties for various drug offenses based on drug quantity, because a judge at sentencing, and not a jury at trial, makes findings about drug quantity, which determines the maximum sentence. This claim is without merit. Culpepper was sentenced below the 20-year statutory maximum sentence permitted under § 841(b)(1)(C)'s "catchall provision": no Apprendi violation occurred. See United States v. Sanchez, 269 F.3d 1250, 1269 (11th Cir. 2001) (en banc); see also United States v. Tinoco, 304 F.3d 1088, 1096-97, 1099-1101 (11th Cir. 2002) (rejecting facial constitutional challenge to the penalty provision of the Maritime Drug Law Enforcement Act, 46 U.S.C. § 1903(g), 21 U.S.C. § 960(b), which is similar to the penalty provision in § 841(b)), cert. denied, 123 S.Ct. 1484 (2003).

previous felony drug trafficking convictions. In <u>Almendarez-Torres v. United States</u>, 118 S.Ct. 1219 (1998), the Supreme Court stated that the government need not allege in the indictment and need not prove beyond a reasonable doubt that a defendant had a prior conviction for a district court to use that conviction to enhance a sentence. "This conclusion was left undisturbed by <u>Apprendi [v. New Jersey</u>, 120 S.Ct. 2348 (2000)], <u>Blakely</u>, and [<u>United States v. Booker</u>, 125 S.Ct. 738 (2005)]." <u>United States v. Shelton</u>, 400 F.3d 1325, 1329 (11th Cir. 2005). Thus, the district court did not violate Culpepper's constitutional rights by applying the § 4B1.1 enhancement based on his prior convictions. <u>See</u> <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1276-77 (11th Cir. 2005).

But the district court did commit a statutory error under <u>Booker</u>. <u>See</u> <u>United States v. Dacus</u>, 408 F.3d 686, 688 (11th Cir. 2005) (under <u>Booker</u>, two types of sentencing errors exist: "one is constitutional and the other is statutory"). The statutory error occurs when the district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." <u>Shelton</u>, 400 F.3d at 1330-31. <u>Booker</u> statutory errors are subject to a less demanding harmless error test applicable to non-constitutional errors. <u>See</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1292 (11th Cir. 2005).

That standard requires us to determine whether the error either did not affect the sentence or only had a slight effect. Id.

"The non-constitutional harmless error standard is not easy for the government to meet." Id. But here, the government has met its burden. After overruling Culpepper's Blakely objection and adopting the findings in the presentence investigation report, the district court denied Culpepper's motion for a downward departure based on his medical condition. Also important, the district court stated that it had imposed the sentence because the career offender enhancements "bring the sentence up enough that the . . . minimum sentence is appropriate." (emphasis added). Thus, the district court expressed a belief that Culpepper's sentence -- at the bottom of the guideline range after applying the career offender enhancement -- was the appropriate sentence. And the district court's conclusions evidence an unwillingness to sentence Culpepper below the guidelines range. These factors are enough to convince us beyond a reasonable doubt, on this record, that the district court's Booker error is harmless because the court would not have imposed a lower sentence under an advisory guidelines scheme. In other words, the government has demonstrated that the district court's statutory error of applying the guidelines in a mandatory fashion did not affect, or had but a slight effect, on the sentence Culpepper received.

AFFIRMED.

4

TJOFLAT, Circuit Judge, dissenting:

The district court sentenced Culpepper under a sentencing model that differs materially from the model Booker prescribes. See United States v. Rodriguez, 406 F.3d 1261, 1281 (11th Cir. 2005) (Tjoflat, J., dissenting from denial of rehearing en banc) (explaining the difference between sentencing pre-Booker and post-Booker.) The difference in the two models is so fundamental, and so striking, that the district judge in this case could not possibly have imagined what it would have been like to sentence Culpepper using the new, Booker model. Having no such idea, the judge could hardly have opined that he would have given Culpepper the same sentences had he been using the Booker model.

I would vacate Culpepper's sentences and remand the case for resentencing.