[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13043
Non-Argument Calendar

_____

D. C. Docket No. 05-23285-CV-CMA

FRANZ A. WAKEFIELD,

Plaintiff-Appellant,

versus

CORDIS CORPORATION,
A Johnson & Johnson Co.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 20, 2006)

Before BIRCH, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Franz A. Wakefield, proceeding pro se, appeals the denial of his motion for

reconsideration following the dismissal of his Title VII action against his employer, Cordis Corporation (Cordis"). We affirm.

## I. BACKGROUND

Wakefield was employed as an engineer by Cordis until March 11, 2002, about two years after he graduated from college. On March 7, 2003, Wakefield filed a complaint with the Florida Commission on Human Relations ("FCHR") that Cordis discriminated against him on account of race. On January 6, 2004, the FCHR determined that it did not have jurisdiction over Wakefield's complaint because Wakefield had signed a separation agreement that released all claims against Cordis. Wakefield appealed to an administrative law judge who dismissed Wakefield's complaint on May 12, 2004. Wakefield then appealed this determination through the Florida court system and on May 26, 2005, the Florida Supreme Court denied his petition for a writ of mandamus to reinstate his complaint.

On December 22, 2005, Wakefield filed this action in the district court and complained of racial discrimination. Wakefield requested over one billion dollars in damages. He alleged that Cordis created a hostile work environment on account of his race and retaliated against him because he complained internally. Wakefield alleged numerous acts on the part of Cordis, including filing patent applications for

2

two of his inventions without giving him credit.

Cordis moved to dismiss the complaint based on the statute of limitations and Wakefield's failure to obtain a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). The district court treated the motion to dismiss as a motion for summary judgment and ordered Wakefield to produce a "right-to-sue" letter. Wakefield argued that the determination of the FCHR that it lacked jurisdiction over his complaint constituted a "right-to-sue" letter. The district court granted summary judgment for Cordis on the ground that, even if the FCHR determination constituted a "right-to-sue" letter, Wakefield filed his federal complaint more than 90 days after this determination issued. See 42 U.S.C. § 2000e-5(f)(1).

Wakefield filed a motion for reconsideration and alleged that his failure to bring his action in a timely fashion was the fault of Cordis, the FCHR, and the EEOC. The district court construed Wakefield's motion as a request for equitable tolling. The district court determined that Wakefield did not meet the requirements for the extraordinary remedy of equitable tolling and denied the motion for reconsideration.

## II. STANDARD OF REVIEW

We review a denial of a motion for reconsideration for abuse of discretion.

3

Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1121 (11th Cir. 2004).

### III. DISCUSSION

Wakefield makes two arguments that the district court abused its discretion in denying his motion for reconsideration. First, Wakefield argues he is entitled to equitable tolling of the 300-day period to request a "right-to-sue" letter from the EEOC. Second, Wakefield argues that he is entitled to equitable tolling of the 90-day period he had to file suit after receiving a "right-to-sue" letter. Wakefield argues that he should be granted equitable tolling because (1) he did not discover Cordis's alleged discriminatory appropriation of his patents until April and November of 2004; (2) the FCHR gave him inadequate notice of his rights and did not dual-file his charge with the EEOC; and (3) he was litigating in Florida state court. These arguments fail.

"[T]he statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95 (1990) (footnote omitted). "Under equitable tolling, Title VII's statute of limitations period does not start to run until a plaintiff knew or reasonably should have known that [he] was discriminated against." Carter v. West Publ'g Co., 225 F.3d 1258, 1265 (2000). The plaintiff must establish that tolling is warranted because equitable tolling "is an extraordinary remedy which

4

should be extended only sparingly." Bost v. Federal Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004) (quotation omitted). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Wakefield fails to establish that the 300-day period should be tolled. Because Florida is a deferral state that prohibits discriminatory employment practices under state law, see E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002), a claimant must file an employment discrimination charge with the EEOC within 300 days of the last discriminatory act. See 42 U.S.C. § 2000e-5(e)(1). Wakefield waited more than 300 days after he left Cordis to file a complaint with the FCHR, so Wakefield's 300-day window closed before he ever began to litigate in state court. After that point, Wakefield could not have filed a charge with the EEOC and anything that the FCHR may have suggested to the contrary is irrelevant.

Wakefield says that he learned of the patent "misappropriations" more than a year before he filed this action in federal court. Assuming without deciding that Wakefield could have sought a "right-to-sue" letter based on these newly-discovered alleged discriminatory acts, he had ample time. No act of the FCHR or

5

of Cordis prevented Wakefield from requesting a "right-to-sue" letter within 300 days.

Wakefield's argument that the 90-day period for filing his complaint, after receipt of a "right-to-sue" letter, should be tolled also fails. An employee must file a Title VII complaint within 90 days of exhausting his administrative remedies and after receipt of a "right-to-sue" letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); Green v. Union Foundry Co., 281 F.3d 1229, 1233-34 (11th Cir. 2002). The employee's right to sue "is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004) (quotation omitted). Because allegations of discriminatory acts not encompassed by an EEOC charge require a new "right-to-sue" letter, see id. at 1279-80, Wakefield's discovery of the patents in 2004 does not help his equitable tolling argument. The Notice of Determination of the FCHR, which the district court assumed, arguendo, functioned as Wakefield's "right-to-sue" letter, arose from Wakefield's discrimination complaint with the FCHR in March of 2003, before the patent applications were granted. Even if we were to assume that Wakefield had a right to sue, his allegations concerning the patents would be outside the scope of this right to sue. See Gregory, 355 F.3d at 1279-80. As a result, the alleged patent

6

"thefts" do not support equitable tolling of Wakefield's Title VII claim.

There is no evidence that the FCHR or the EEOC did anything to discourage Wakefield from bringing a prompt suit in federal court after he received the purported "right-to-sue" letter. The Notice of Determination stated that Wakefield's discrimination claim was denied because of the existence of his settlement agreement, outlined the procedures to seek review of the order, and suggested that Wakefield seek legal counsel. That Wakefield sought review of the Notice of Determination in Florida state court instead of filing a complaint under Title VII in federal court does not give him grounds for equitable tolling.

We are mindful that "procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984). Wakefield failed to act with due diligence and file his action with the EEOC within the 300-day statute of limitations or file his federal claim within 90 days of any purported "right-to-sue" letter. The district court did not abuse its discretion by denying Wakefield's motion for reconsideration.

## IV. CONCLUSION

The denial of Wakefield's motion for reconsideration is **AFFIRMED.**