[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14590

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20570-CV-CMA

FRANZ A. WAKEFIELD,

Plaintiff-Appellant,

versus

CORDIS CORPORATION, a Johnson & Johnson Co.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 22, 2008)**

Before EDMONDSON, Chief Judge, TJOFLAT and BLACK, Circuit Judges.

PER CURIAM:

Franz A. Wakefield, proceeding pro se, appeals the dismissal of his

employment discrimination suit against his former employer, Cordis Corporation.

No reversible error has been shown; we affirm.

The district court determined that Wakefield's claims were barred by res judicata and granted summary judgment in favor of Cordis. On appeal, Wakefield argues that the district court erred in applying res judicata because he presented new facts that were not litigated in his previous Title VII suit. We review a district court's grant of summary judgment de novo; and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party. Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). We review de novo a district court's decision that a claim is barred by res judicata. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).

Almost a year after his termination from Cordis, Wakefield filed a discrimination complaint with the Florida Commission on Human Relations ("FCHR"). The FCHR issued a notice of determination that it lacked jurisdiction to consider Wakefield's claim because he had executed a separation agreement and release with Cordis, wherein he agreed to give up all claims against Cordis on discrimination and retaliation in exchange for compensation. Wakefield's later administrative appeal was dismissed.

Wakefield then filed a Title VII suit in federal district court. The district court granted Cordis's motion for summary judgment and dismissed Wakefield's

case without prejudice, determining that (1) he had failed to obtain the necessary "right-to-sue" letter from the EEOC, and (2) even if the FCHR's notice of determination constituted a "right-to-sue" letter, Wakefield's suit still was untimely because he filed it more than 90 days after the issuance of the notice. The district court also determined, on reconsideration, that Wakefield was unentitled to equitable tolling of the 90-day period.

A later action is barred by res judicata if, among other things (1) there is a prior final judgment on the merits, and (2) the same cause of action is involved in both cases. Ragsdale, 193 F.3d at 1238.[1] After review, we conclude that the district court committed no reversible error in determining that Wakefield's suit was barred by res judicata.[2]

First, the district court's prior ruling was on the merits. While a dismissal without prejudice does not constitute "an adjudication on the merits and thus does

---

[1]The other two parts of res judicata -- that the prior decision be rendered by a court of competent jurisdiction and that the parties were identical in both suits -- clearly were met and are not in dispute. See id.

[2]We note that the district court did err to the extent it gave preclusive effect to the state administrative proceeding. See Bishop v. Birmingham Police Dep't, 361 F.3d 607, 610 (11th Cir. 2004) (unreviewed state administrative proceedings are not entitled to preclusive effect in Title VII proceedings). To the extent the district court's res judicata decision rested on federal law, the court erred in applying state res judicata principles. See EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004) (a court applies federal res judicata principles to prior federal decisions). But as we explain, the court's ultimate res judicata decision was correct under federal law.

not have a res judicata effect," Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003), a ruling based on statute of limitations is a decision on the merits for res judicata purposes, Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972).

In Wakefield's prior Title VII suit, the district court granted Cordis's summary judgment motion because Wakefield's complaint did not comply with procedural requirements and was untimely:  he did not obtain a "right-to-sue" letter, and he filed suit more than 90 days after issuance of the notice of determination.  See 42 U.S.C. § 2000e-16(c) (an employee must file a Title VII complaint within 90 days of exhausting his administrative remedies and after receipt of a "right-to-sue" letter from the EEOC).  Thus, the district court's decision was based on the statute of limitations for filing a Title VII suit and was, in effect, with prejudice despite the label of "without prejudice."  See Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1188-89 (11th Cir. 2003) (looking past the jurisdictional label employed by the district court to dismiss Davila's prior suit, and concluding that, as a substantive matter, the decision was on the merits for res judicata purposes); Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B 1981) (a dismissal without prejudice after the applicable statute of limitations has run has the effect of precluding a party from pursuing his case in a later action).

We also conclude that the two Title VII lawsuits involved the same cause of

4

action. To determine whether the same cause of action is involved, a court must decide "whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." Davila, 326 F.3d at 1287 (internal quotation omitted). Here, the two complaints are nearly identical and stem from the same factual predicate. In both complaints, Wakefield alleged that Cordis discriminated against him because of his race and created a hostile work environment during his employment there. He also alleged civil theft, claiming that Cordis misappropriated patents from him that issued in 2004.

He attempts to premise the instant complaint on another patent allegedly misappropriated by Cordis that issued in 2006 and a right-to-sue letter issued to him by the EEOC in December 2006 based on this misappropriation. He describes the 2006 patent misappropriation as a "continuing act of retaliation" by Cordis. But even if the 2006 patent constitutes an additional wrong by Cordis, this allegation still stems from the same nucleus of operative fact already alleged; and the district court already determined that these facts were alleged in an untimely manner. See Carter v. West Publ'g Co., 225 F.3d 1258, 1264 (11th Cir. 2000) (continuing violation doctrine does not exist to give a second chance to employee

5

who allowed a legitimate Title VII claim to lapse).[3]

Wakefield also argues that the district court erred in denying his motion for a continuance so that he could conduct additional discovery before responding to Cordis's summary judgment motion. We review for an abuse of discretion a district court's order denying a Fed.R.Civ.P. 56(f) motion for discovery. Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998). We discern no abuse here. Wakefield sought a continuance so he could obtain depositions and expert testimony about patents Cordis allegedly stole from him. This discovery was not relevant to the claim raised by Cordis in its summary judgment motion: that Wakefield's claims were barred by res judicata.

We also reject Wakefield's argument that the district court abused its discretion in awarding costs to Cordis on Wakefield's civil theft claim.[4] See

---

[3]The law-of-the-case doctrine also precludes us from considering Wakefield's present claims. In Wakefield's previous appeal to this Court, we affirmed the district court's denial of the motion for reconsideration, determining that he was unentitled to equitable tolling. See Wakefield v. Cordis Corp., No. 06-13043 (11th Cir. Nov. 20, 2006) (unpub.). Thus, because he is raising the same Title VII claims that we already have determined were untimely, the law of the case doctrine precludes us from considering them now. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005) (the law-of-the-case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case). And we conclude that none of the exceptions to the doctrine apply here. See Jackson v. State of Alabama State Tenure Comm'n, 405 F.3d 1276, 1283 (11th Cir. 2005).

[4]Though Wakefield raises this issue for the first time in a reply brief, we address it because it was in response to Cordis's raising of the issue in its initial brief. See United States v. Dacus, 408 F.3d 686, 687 (11th Cir. 2005) (allowing an appellant to argue an issue raised for the first time in the appellee's brief when the appellant later argued the issue in his reply brief

6

<u>Mathews v. Crosby</u>, 480 F.3d 1265, 1276 (11th Cir. 2007), <u>cert.</u> <u>denied</u>, 128 S.Ct. 865 (2008). Because Wakefield admitted that he executed secrecy agreements with Cordis, which gave Cordis the rights to any inventions or other intellectual property in consideration of his employment, his civil theft claim was without substantial factual or legal support. <u>See</u> Fla. Stat. § 772.11 (defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support).

AFFIRMED.

---

"because both parties [had] joined the issue without objection").