[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11022

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HECTOR LIND, JR.,
a.k.a. Chase,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20301-RKA-1

_____

Before JORDAN, ROSENBAUM, and ABUDU, Circuit Judges.

PER CURIAM:

Hector Lind, Jr., appeals his 262-month sentence for enticement of a minor and receipt of child pornography.  On appeal, he argues that the district court procedurally erred at sentencing in several respects, including in its application of U.S.S.G. § 2G2.1(b)(4).  The government moves to dismiss Lind's appeal, arguing that he waived his right to appeal his sentence.  In response, Lind argues that he is permitted to appeal because the government breached the parties' plea agreement.  After careful consideration, we conclude that Lind entered into an appeal waiver knowingly and voluntarily; his challenges fall within the scope of that waiver; and the government did not breach the plea agreement.  Accordingly, we dismiss Lind's appeal.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

In 2023, Lind was charged with: (1) production of child pornography, 18 U.S.C. § 2251(a) and (e) ("Count One"); (2) enticement of a minor, 18 U.S.C. § 2422(b) ("Count Two"); and (3) receipt of child pornography, 18 U.S.C. § 2252(a)(2) and (b)(1) ("Count Three").

Lind and the government later entered into a written plea agreement, in which Lind agreed to plead guilty to Count Two and Count Three and the government agreed to dismiss Count One. The agreement also informed Lind, among other things, that the district court had the authority to impose any sentence up to the statutory maximum authorized by law; and that Lind could not

withdraw his plea solely because of the sentence he received. The plea agreement also informed Lind that Count Two had a mandatory minimum sentence of ten years' imprisonment and a maximum of life imprisonment and that Count Three had a mandatory minimum sentence of five years' imprisonment, and a maximum term of 20 years' imprisonment.

The plea agreement stated that the government "reserve[d] the right to inform the [district c]ourt . . . of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning" Lind and his background and to "make any recommendation as to the quality and quantity of punishment." In other words, the plea agreement bound the government only to the "express terms" of the promises it made "contained in th[e] agreement." The government also agreed, subject to certain conditions, to recommend that Lind receive a three-level reduction in his offense level for his acceptance of responsibility. Lind acknowledged that he was aware that his sentence had not been determined and that any prediction he had been given was not binding, nor was any recommendation by the government binding on the district court.

Lind acknowledged that he had the right to appeal his sentence and he agreed that he was knowingly waiving:

> all rights . . . to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute, or is the result of an upward departure and/or an upward

variance from the advisory guideline range that the
[district c]ourt establishes at sentencing.

The agreement also explained that Lind would be released from
the appeal waiver if the government appealed his sentence. The
agreement stated that, by signing the agreement, Lind was con-
firming that he had discussed the appeal waiver with his attorney
and that he had made the waiver knowingly and voluntarily. The
plea agreement also provided that there were no other agreements,
promises, representations, or understandings between the parties.
Lind, his counsel, and the government signed the plea agreement.

Lind appeared before a magistrate judge at a change-of-plea
hearing in December 2023. Lind was placed under oath and ad-
vised that he could be subject to prosecution for perjury for making
a false statement under oath, which he stated that he understood.
Lind then testified that he was 24, was close to finishing his associ-
ate degree, had no trouble reading and writing, and was otherwise
thinking clearly. The magistrate judge concluded that he was alert
and competent to proceed. The magistrate judge explained that
Lind was waiving his rights to challenge his conviction and could
challenge his sentence on appeal only under the exceptions laid out
in the plea agreement. Lind confirmed he had read the plea agree-
ment and had no questions about it. The magistrate judge then
reviewed the agreement's terms with Lind and Lind again con-
firmed that he understood them.

The magistrate judge then specifically addressed the appeal
waiver. The magistrate judge asked whether Lind had discussed

the plea agreement with his attorney, and Lind confirmed that he had. The magistrate judge explained the provision, noting that Lind was "giving up [his] appellate rights in this case as part of this plea agreement" and would be only permitted to appeal "if one of three things happen," referencing the exceptions in the plea agreement. First, the magistrate judge explained, Lind could appeal if the government appealed; second, Lind could appeal if the district court sentenced him above the calculated guidelines range—unless he was sentenced to the mandatory minimum sentence. The magistrate judge did not address the other exception, but concluded by explaining that there was only "a very, very narrow line that [he] would have to appeal the sentence." Lind stated that he understood and his attorney agreed as well. Accordingly, the magistrate judge found that Lind had made a "knowing, voluntary, and fully informed" waiver of his appellate rights.

Satisfied that Lind's guilty plea was knowing and voluntary, the magistrate judge prepared a report and recommendation recommending that Lind's guilty plea be accepted. That report and recommendation also explained that Lind had "waived his right to appeal the sentence unless the government files an appeal and/or his sentence exceeds the maximum permitted by statute and/or is the result of an upward departure or a variance from the guideline range that the Court establishes at sentencing." It then explained that it had found Lind's waiver knowing and voluntary. Neither Lind nor the government objected to the magistrate judge's recommendation, so the district court accepted Lind's plea and set the case for sentencing. *See* 11th Cir. R. 3-1 (providing that, when a

party fails to object to a magistrate judge's findings or recommendations in a report and recommendation, he "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object").

In advance of sentencing, Lind made several objections, arguing that the probation office had miscalculated his guidelines range and had misapplied the Sentencing Guidelines. He also argued for a downward departure and for a mandatory minimum ten-year total sentence. The government opposed Lind's objections and requests, contending, conversely, that a sentence within the guidelines range, calculated as 262 to 327 months, was appropriate.

At sentencing, the district court overruled Lind's objections and determined—consistent with the probation office and government's calculations—that Lind's offense level was 39, his criminal history category was I, and his advisory guideline range was, accordingly, 262 to 327 months' imprisonment. The government requested a sentence at the low end of the guideline range, discussing the length of the online relationship between Lind and the victim, the number of other unidentified minor victims shown in messages recovered from Lind's devices during the investigation, and Lind's persistent conduct, even if he did not physically meet with the victim. Lind raised several mitigating factors and argued generally for a lower sentence. The court discussed the 18 U.S.C. § 3553(a)

factors that it considered, including Lind's history and characteristics and his offense conduct. Ultimately, the district court sentenced Lind to 262 months' imprisonment, to be followed by 120 months of supervised release. The government moved to dismiss Count One and the court granted that motion.

Lind's appeal followed.

## II. STANDARDS OF REVIEW

We review the validity and scope of an appeal-waiver provision *de novo*. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances'" (alterations adopted) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal

difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

An appeal waiver provision does not bar a defendant from arguing that the government breached the plea agreement. *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016); *see also United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (citing *United States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001) ("[A] party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement.")). We generally review *de novo* whether the government breached the plea agreement. *Hunter*, 835 F.3d at 1324. However, if a defendant fails to object to a breach of the plea agreement before the district court, we review the issue only for plain error. *See United States v. Malone*, 51 F.4th 1311, 1318-19 (11th Cir. 2022). "We find plain error when (1) an error has occurred, (2) the error was plain, and (3) it affected the defendant's substantial rights, and if those prongs are met, we then have discretion to correct the error if it (4) seriously affected the fairness of the judicial proceedings." *Id.* at 1319.

### III. DISCUSSION

Here, we conclude that the appeal waiver is enforceable because Lind knowingly and voluntarily waived his right to appeal his sentence. *See Bushert*, 997 F.2d at 1351. At the change-of-plea hearing, the magistrate judge confirmed that Lind had reviewed the plea agreement with his attorney and understood its terms. The magistrate also specifically questioned Lind about the appeal waiver, confirming that he gave up his right to appeal his sentence

if he was "unhappy" and could appeal in only three situations, specifically mentioning that he could appeal if the government appealed or if his sentence was above the guideline range, except for a mandatory minimum sentence. Even though the magistrate judge did not expressly mention that Lind could appeal if his sentence exceeded the statutory maximum, we conclude that the magistrate judge sufficiently conveyed that Lind was waiving his right to appeal in most circumstances, as our precedent requires. *Boyd*, 975 F.3d at 1192; *Bushert*, 997 F.2d at 1352-53. Accordingly, Lind knowingly and voluntarily entered into the appeal waiver.

Next, Lind's challenges on appeal fall within the scope of his waiver and none of the exceptions apply. On appeal, Lind contended that the district court erred in its calculation of his guidelines range and in its application of the Sentencing Guidelines at sentencing, but the appeal waiver, as noted above, expressly barred challenges to Lind's sentence and the manner in which his sentence was imposed—barring these arguments. In addition, none of the exceptions to the appeal waiver apply. The exceptions permitted Lind to appeal if his sentence exceeded the statutory maximum, the district court sentenced him outside the guideline range, or the government appealed. The first two exceptions do not apply because Lind's sentence was 240 months on Count Three and 262 months as to Count Two, to be served concurrently—meaning that his sentence is less than the statutory maximum and within the guideline range that the district court calculated: 262 to 327 months. *See* 18 U.S.C. § 2252(b)(1). In addition, the government has not appealed, so the third exception does not apply either.

Finally, Lind has not shown that the government breached the plea agreement.  On this issue, Lind argues that the government breached its plea agreement by "advocat[ing] for a sentence that went well-beyond fifteen years and focused on conduct surrounding" Count One.  He argues that a plea agreement's terms are to be judged based on his reasonable understanding and that he reasonably understood that by dismissing Count One, the government would not be seeking a sentence above fifteen years and would not be discussing the conduct.  He does not cite any particular provision of the plea agreement which he contends was violated and, in fact, concedes that "the plea agreement in this case permitted the government to inform the district court of the facts pertinent to the sentencing process."  Instead, he contends that the general premise of the agreement was that the government would not "focus" on Count One.

The government, in turn, argues that it did not breach the plea agreement.[1]

---

[1] The government also argues that Lind abandoned any challenge to the validity of his plea agreement by not raising it for the first time in his initial brief. Even though Lind did not raise the issue of a plea breach in his initial brief, he was not required to preemptively present arguments about the appeal waiver's inapplicability.  In the past we have considered issues raised for the first time by appellees and then timely addressed by appellants in their reply briefs. *See, e.g., United States v. Dacus*, 408 F.3d 686, 687 (11th Cir. 2005); *Wakefield v. Cordia Corp.*, 304 F. App'x 804, 807 n.4 (11th Cir. 2008) (unpublished); *United States v. Green*, 798 F. App'x 527, 532 n.2 (11th Cir. 2020) (unpublished). The government, of course, was free to forfeit its reliance on the appeal waiver altogether, which would have obviated Lind's need to make arguments about

24-11022                Opinion of the Court                11

To determine whether the government has breached the plea agreement, we "first determine the scope of the government's promises." *Malone*, 51 F.4th at 1319 (quoting *United States v. Copeland*, 31 F.3d 1101, 1105 (11th Cir. 2004)). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered the plea." *United States v. Rewis*, 969 F.2d 985, 988 (11th Cir. 1992). In this agreement, the government did not agree that it would pursue a sentence over 15 years, nor did it agree that it would not report facts relating to Count One in recommending a sentence. Instead, the government expressly reserved its rights to inform the court of the facts pertinent to the sentencing process and the right to report all information about Lind's conduct to the court, whether charged or not. Contrary to Lind's contentions, then, the government fulfilled its express obligations under the plea agreement and did not breach the express terms of the agreement. *See Malone*, 51 F.4th at 1319 ("A plea agreement's unambiguous meaning controls."); *see also United States v. Rothstein*, 939 F.3d 1286, 1291 (11th Cir. 2019) ("A strained, artificial reading of the agreement does not comport with a reasonable defendant's expectations when signing a deal with the government.").

---

its applicability. *See Burgess v. United States*, 874 F.3d 1292, 1300 (11th Cir. 2017) ("[T]he usual rule in our party-presentation system requires the parties to invoke their own claims and defenses."). Once the government moved to dismiss his appeal, Lind promptly raised the plea breach argument in his next filing. Accordingly, we consider—and reject—Lind's plea breach arguments on the merits.

As to Lind's contention that his understanding of the agreement shows that the government breached the agreement, we do not agree.  While Lind might have assumed that the government would not act the way it did, as we have explained, he signed an agreement that expressly allowed it to do what it did.  We also note that, at the time of his plea, Lind stated that there were no promises outside the plea agreement between the parties.  We generally assume that statement is true.  *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during [a plea] colloquy are true.").  The plea agreement stated the same thing.  For these reasons, we conclude that Lind has not shown a breach of the plea agreement that would permit this appeal to proceed.

## IV. CONCLUSION

In sum, Lind knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver.  Moreover, he has not shown that the government breached the parties' plea agreement.  Accordingly, we **GRANT** the government's motion to dismiss.  *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**